IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHLEY C. MCKINNEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-CV-2863-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Ashley C. McKinney's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Petition is **DENIED**.

**Background**

Petitioner Ashley McKinney is a federal prisoner currently incarcerated at Alderson FPC, within the Southern District of West Virginia. On January 23, 2020, McKinney was indicted on Conspiracy to Commit Wire Fraud and Bank Fraud (Count 1), Bank Fraud, Aiding and Abetting (Count 2), Aggravated Identity Theft (Count 3), Money Laundering (Count 4), Wire Fraud, Aiding and Abetting (Counts 7 and 8), and Aggravated Identity Theft (Count 9). *United States of America v. Ashley N. McKinney,* Case No. 20-cr-30013-SMY (S.D. Ill. Jan. 23, 2020, Doc. 1). McKinney pleaded guilty to three of the charged counts pursuant to a plea agreement on August 15, 2022. *Id*. (Doc. 65). On November 22, 2022, she was sentenced to a total prison term of 54 months (30 months on Counts 1 and 4, to be served concurrently to each other, and 24 months on Count 3, to be served consecutive to Counts 1 and 4). *Id*. (Doc.

75). According to the website of the Bureau of Prisons ("BOP"), she is scheduled for release on January 14, 2026.

McKinney's instant § 2255 petition requests a "sentence reduction due to lack of medical care" (Doc. 1-1, p. 1). She alleges that a gunshot wound from a 2017 shooting has caused her medical difficulties that the BOP has failed to adequately address (Doc. 1, pp. 5-6). She asserts alleged violations of the Fifth, Eighth, and Fourteenth Amendments in the context of a refusal to treat her gunshot wound and "intentional denial of needed medical care" (Doc. 1, p. 4; Doc. 1-1, p. 3).[1]

## Discussion

Under § 2255, a federal prisoner may move a district court to vacate, set aside, or correct a sentence that was "imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Before permitting a § 2255 motion to proceed, the court must conduct a preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(b), "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule Governing § 2255 Proceedings 4(b).

If a federal prisoner is not challenging the fact of her confinement, but instead the conditions under which she is being held, the available remedy is under *Bivens v. Six Unknown*

---

[1] Lengthy medical records are attached to the Petition.

*Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which authorizes lawsuits against federal employees for constitutional violations. *Glaus v. Anderson*, 408 F.3d 382, 386-387 (7th Cir. 2005). Here, McKinney seeks release based on her conditions of confinement – medical treatment provided in prison. She raised no collateral attack on her sentence or conviction. As such, her claim cannot properly be raised in a § 2255 petition.[2]

Separately, McKinney requests the appointment of counsel (Doc. 3). A § 2255 proceeding is an independent civil suit for which there is no constitutional right to the appointment of counsel. *Rauter v. United States,* 871 F.2d 693, 695 (7th Cir. 1989). That said, the Court has discretion to appoint counsel for financially eligible persons in a § 2255 matter if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Because it is clear from McKinney's Petition that she is not entitled to the relief she seeks, the interests of justice do not warrant the appointment of counsel.[3]

## Conclusion

For the foregoing reasons, Ashley McKinney's Petition is **DENIED**; this action is **DISMISSED with prejudice**. All pending motions are **TERMINATED as MOOT.** The Clerk of Court is **DIRECTED** to enter judgment accordingly.

---

[2] While courts have construed mistakenly labeled habeas corpus petitions as civil rights complaints, *Graham v. Broglin*, 922 F.2d 379, 381-382 (7th Cir. 1991), the Seventh Circuit Court of Appeals cautions that doing so may lead to unfavorable consequences under the Prison Litigation Reform Act. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002) (discussing consequences that include a higher filing fee and the risk of receiving a "strike" under 28 U.S.C. § 1915(g)). Therefore, the Court will not re-characterize McKinney's petition as a civil rights complaint.

[3] For the same reasons, McKinney's motion to proceed *in forma pauperis* (Doc. 2) will be terminated as moot.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of her § 2255 motion, instead, she must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335-336 (2003). A petitioner is entitled to a certificate of appealability only if she can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, McKinney must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

In light of McKinney's habeas petition seeking a sentence reduction for ineffective medical treatment being a plainly improper application of habeas, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**
**DATED:  May 2, 2024**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**